### J. R. KINCAID v. THE STATE.

No. 3387. Decided February 7, 1906.

**Local Option—Beverage—Medicine.**

Where upon trial for a violation of the local option law the evidence showed that the mixture consisting of alcohol and horse-radish appeared to have been used as a medicine, and could not have been drunk in reasonable quantities as would produce intoxication, the same was insufficient to sustain the conviction.

Appeal from the County Court of Eastland. Tried below before Hon. C. D. Spann.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 an dtwenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of violating the local option law. This case was tried before the court without a jury. The only question to be considered is the sufficiency of the evidence. Prosecutor testified that he went to appellant's drugstore with a bottle which contained 10 cents worth of grated horse-radish, and told appellant he wanted him to fill the remainder of the bottle by putting alcohol over the horse-radish. Appellant did this, for which he received from prosecutor 50 cents. Prosecutor further testified that his wife was suffering from neuralgia, and that this preparation was a good remedy therefor. J. J. Martin, a pharmacist, testified that this preparation is a household remedy, and is recognized by all druggists as purely a medicine, and is frequently prepared without prescription; that no more alcohol was used in the preparation than is prescribed by formula laid down in the U. S. Pharmaropia, which was not more than necessary to extract the strength of the drug in the bottle; that horse-radish is very strong and hot, and it would be impracticable for one to drink the mixture prepared by appellant for Taylor. Witness admitted, however, that a person could drink it and it would intoxicate just as any other tincture containing alcohol, but that it could not be used as a beverage. Appellant's insistence is that the preparation, as prepared, is not intoxicating liquor within the meaning of the local option law; and that it was not capable of being practically used as a beverage. These facts were submitted to the court and he found appellant guilty. We do not think the facts are sufficient to support the finding of the court. The mixture appears to have been used as a medicine, and could not have been drunk in reasonable quantities as would produce intoxication. Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*